# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND
## Southern Division

| | |
|---|---|
| **CINTYA CASTRO,** *et al.*, ) | |
| ) | |
| **Plaintiffs,** ) | |
| ) | |
| v. ) | Civil Action No. CBD-18-2421 |
| ) | |
| **EARLY LEARNING LANGUAGE** ) | |
| **ACADEMIES, LLC,** *et al.*, ) | |
| ) | |
| **Defendants.** ) | |
| ) | |

## ORDER

Plaintiffs Cintya Castro ("Castro"), Marcel Latorre ("Latorre"), and Yulisa Delgado ("Delgado") (collectively "Plaintiffs") brought claims alleging unpaid wages and overtime compensation under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*, the Maryland Wage and Hour Law ("MWHL"), Md. Code Ann., Lab. & Empl. §§ 3-401, *et seq.*, and the Maryland Wage Payment and Collection Law ("MWPCL"), Md. Code Ann., Lab. & Empl. §§ 3-501, *et seq.* ECF No. 37. Plaintiffs sought damages, including liquidated and treble damages, from Defendants Early Learning Language Academies d/b/a Whole Kids Academy ("WKA"), Cassandra Castro, Crystal Esler, and John Esler (collectively "Defendants"). On January 6, 2021, the parties submitted a Joint Motion for Approval of Settlement Agreement ("Joint Motion") seeking the Court's approval of their settlement agreement. ECF No. 47.

The Court has reviewed this motion, the attached exhibit, and the applicable law. For the following reasons, on this 25th day of January 2021, the Court hereby **DENIES WITHOUT PREJUDICE** the parties' Joint Motion.

It is the Court's responsibility to review FLSA settlement agreements for reasonableness. *Gionfriddo v. Jason Zink, LLC*, No. Civ. A. RDB-09-1733, 2011 WL 2791136, at *2 (D. Md. July 15, 2011) ("Settlement agreements that resolve claims pursuant to the FLSA must receive court approval.") (citations omitted). The Joint Motion presently before the Court contains insufficient information by which the Court might assess its "reasonableness" under the factors identified in *Saman v. LBDP, Inc.*, Civ. No. A. DKC-12-1083, 2013 WL 2949047 (D. Md. June 13, 2013). Specifically, the parties failed to adequately discuss: the extent of discovery, the probability of Plaintiff's success on the merits and the amount of settlement in relation to the potential recovery, as well as the reasonableness of Plaintiffs' requested attorneys' fees.

Although the parties negotiated the amount of attorneys' fees to be paid, J. Mot. 3, the Court still needs to find that the attorneys' fees requested are reasonable. An hourly rate is reasonable if it is "in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." *Riveros v. WWK Constr., Inc.*, No. CV PJM 15-193, 2015 WL 5897749, at *4 (D. Md. Oct. 5, 2015). "In Appendix B to its Local Rules, this Court has established rates that are presumptively reasonable. . . ." *Id.* "Plaintiffs should also provide all documentation necessary for the Court to make a lodestar determination as to the hours reasonably expended, including but not limited to declarations establishing the hours expended by counsel, broken down for each task." *Id.*

In this case, Plaintiffs' counsel allege that the hourly attorneys' fees incurred were approximately $38,000.00. J. Mot. 5. Further, they allege that the fees are "consistent with the rates set forth in Appendix B of the local rules." *Id.* However, Plaintiffs' counsel failed to address how they incurred $38,000.00, in attorneys' fees and provided no information regarding: the time and labor counsel expended working on this case, the calculation of fees to be awarded

under the Local Rules, and the estimated hours in regular and overtime wages in dispute for each Plaintiff. Additionally, counsel did not submit any documentation to support the reasonableness of the attorneys' fees requested. Therefore, Plaintiffs' counsel has not provided the Court with sufficient information to make a proper lodestar determination of the reasonableness of attorneys' fees.

It is also noteworthy that the parties alleged that "various Defendants declared bankruptcy at separate times, which were ultimately all dismissed." J. Mot. 2. The parties are directed to submit specific details explaining which Defendants declared bankruptcy, and the result of each filing.

For the foregoing reasons, the Court **DENIES** the Joint Motion without prejudice. Counsel are permitted to submit supplemental documentation, addressing the requested information, within (14) days of this Order.

January 25, 2021                                /s/
                                                Charles B. Day
                                                United States Magistrate Judge

CBD/pjkm