**IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| CINTYA CASTRO, *et al.* | \* |
| | \* |
| PLAINTIFFS, | \* |
| | \* |
| v. | \*   Case No. 8:18-cv-2421-PX |
| | \* |
| EARLY LEARNING LANGUAGE ACADEMIES, LLC | \* |
| d/b/a WHOLE KIDS ACADEMY, *et al*. | \* |
| | \* |
| DEFENDANTS. | \* |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## RENEWED JOINT MOTION FOR APPROVAL OF SETTLEMENT

Plaintiffs Cintya Castro, Marcela Latorre, and Yulisa Delgado ("Plaintiffs"), jointly with Defendants Early Learning Language Academies, LLC d/b/a Whole Kids Academy, Cassandra Castro, Crystal Esler, and John Esler ("Defendants", together with Plaintiffs, the "Parties"), by and through their respective attorneys, and pursuant to the Order from this Court dated January 25, 2021, hereby supplement and renew their previously-filed Joint Motion for Approval of Settlement (ECF No. 37).

The Parties have resolved this action and all claims raised in it, and stipulate to dismissal with prejudice of this action in its entirety pursuant to Fed. R. Civ. P. 41. Accordingly, the Parties jointly move the Court for entry of an Order approving the Parties' settlement and dismissing the claims raised in this action under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201 *et seq.* ("FLSA"), the Maryland Wage and Hour Law ("MWHL"), and the Maryland Wage Payment and Collection Law ("MWPCL"). The Parties also respectfully request that the Court waive a hearing on this Motion.

The Parties now supplement their previous motion with the information requested by this Court's Order on January 25, 2021.

**I.     Background**

This case involved claims for alleged unpaid overtime wages under the FLSA, the MWHL and MWPCL, and in Plaintiff Castro's case, for alleged wrongful retaliatory termination in violation of the FLSA. Plaintiffs initially filed their Complaint against Defendants in the Circuit Court for Montgomery County, Maryland on or about June 18, 2018. Defendants removed the matter to this Court on or about August 8, 2018. Defendants deny any and all liability.

On March 15, 2019, the Parties engaged in mediation with Magistrate Judge Charles B. Day. The Parties engaged in a second round of mediation on May 22, 2019. At that time, the Parties were very close to settling but could not perfect an agreement. The Parties came close to agreeing on a $75,000.00 global settlement to be paid in installments, but could not come to an agreement on an appropriate timeframe. As expressed to Judge Day, Plaintiffs' attorneys' fees and costs were approximately $25,000.00 at the time of mediation.

The case then took a detour. Shortly after mediation, Defendants' prior counsel withdrew from representation. ECF No. 23. On December 10, 2019, Plaintiffs amended their complaint to include Defendant John Esler as an additional employer liable for Plaintiffs' claims. ECF No. 30. Defendants Early Learning Language Academies, LLC d/b/a Whole Kids Academy, Crystal Esler, and John Esler declared bankruptcy. Due to additional financial complications caused by the COVID-19 pandemic, defendants requested that all bankruptcy actions be dismissed. The U.S. Bankruptcy Court for the District of Maryland granted these requests. *See* Order Granting Debtor's Emergency Motion to Dismiss, attached hereto as **Exhibit 1** (as to Defendant Early Learning Language Academies, LLC); Order Dismissing Case on Request of Debtor and Notice That Automatic Stay is Terminated, attached hereto as **Exhibit 2** (as to Defendants Crystal Esler and John Esler).

Plaintiffs amended their Complaint once more on July 23, 2020 in conformance with Judge Xinis' instructions during a recorded teleconference call on June 24, 2020. ECF No. 37. In December 2020, Defendants secured new counsel (Thatcher Law Firm, LLC) and the Parties negotiated a settlement. The Court then referred this matter to Magistrate Judge Day to finalize settlement.

## II. Applicable Legal Principles

In the context of a private lawsuit brought by an employee against an employer under section 216(b) of the FLSA, as is the case here, an employee may settle and release FLSA claims against the employer if the Parties present the Court with a settlement which the Court deems fair. Specifically, the Court must determine whether the proposed settlement "reflects a fair and reasonable resolution of a *bona fide* dispute over FLSA provisions," which includes a finding with regard to: (1) whether there are FLSA issues actually in dispute, (2) the fairness and reasonableness of the settlement in light of the relevant factors from Fed. R. Civ. P. 23, and (3) the reasonableness of the attorney's fees, if included in the agreement. *Duprey v. Scotts Co., LLC*, 30 F. Supp. 3d 404 (D. Md. 2014) (citing *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354-55 (11th Cir. 1982)).

As set forth below, the overall settlement reached by the Parties in this case reflects a reasonable compromise over disputed issues including, without limitation, the total number of overtime hours allegedly worked by Plaintiffs, whether Plaintiffs were entitled to overtime wages in the first place, and the true reason for Plaintiff Castro's termination. Approval of this settlement promotes the policy of encouraging settlement of litigation. *See Lynn's Food Stores, Inc.*, 679 F.2d at 1354.

**III.     Agreement of the Parties and Fairness and Reasonableness of the Settlement**

"When considering a motion to approve an FLSA settlement agreement, courts weigh a number of factors, including: (1) the extent of discovery that has taken place; (2) the stage of the proceedings, including the complexity, expense and likely duration of the litigation; (3) the absence of fraud or collusion in the settlement; (4) the experience of counsel who [has] represented the plaintiff[ ]; (5) the probability of plaintiff's success on the merits[;] and (6) the amount of the settlement in relation to the potential recovery." *Saman v. LBDP, Inc.*, 2013 WL 2949047, *3 (D. Md. June 13, 2013).

Plaintiffs created estimates of their damages based on time and payroll records produced by Defendants and their best recollections, and came to the following figures for wages owed, not including liquidated damages or non-wage damages:

    Cintya Castro:          $16,790.50

    Yulisa Delgado:       $15,408.38

    Marcela Latorre:      $14,380.49

A detailed calculation of their damages is attached as **Exhibit 3**. In addition to a claim for unpaid wages, Plaintiff Castro also alleged she was wrongfully terminated for complaining about wage theft, in violation of the FLSA. This claim included the potential to recover non-economic damages. Accordingly, Plaintiff Castro demanded $60,000 total to settle her claims.

This matter was hotly disputed from the outset. Defendants adamantly disputed Plaintiffs' entitlement to additional pay for hours worked and overtime, and maintain that their records, including timesheets and payroll records, show that Plaintiffs were paid correctly for all regular and overtime hours worked. Defendants produced hundreds of documents to support this position. Plaintiffs, on the other hand, reviewed these documents and do not believe they accurately capture

the time they worked. Accordingly, there is a serious dispute between Plaintiffs and Defendants on this critical issue.

Moreover, Defendants maintain that Plaintiff Delgado was a substitute teacher who worked for intermittent periods of time, and was therefore an independent contractor to whom to whom the FLSA (and analogous state laws) do not apply. Defendants also steadfastly refute Plaintiff Castro's allegations that her termination was retaliatory and instead insist it was based on documented poor performance. Finally, Defendants argue that they do not have the financial ability to pay an amount close to what Plaintiffs would seek at trial. Ultimately, Defendants decided that continued litigation was not worth the additional time, cost, emotional toll, and added risks, and decided to resolve this matter.

The Parties first went to mediation with Magistrate Judge Day on March 15, 2019, but were unable to reach an agreement. On May 22, 2019, at the second round of mediation and with the help of Magistrate Judge Day, the parties almost reached an agreement to settle all of Plaintiffs' claims—including claims for attorney's fees and costs—for a gross amount of $75,000.00, to be paid in monthly installments over a length of time. Unfortunately, the parties were unable to reach an agreement on an appropriate payment period, and the proposed settlement fell apart.

Thereafter, Defendants' prior counsel withdrew and Defendants declared bankruptcy. This left Plaintiffs embroiled in significant procedural work with a poor outlook on any eventual recovery. Fortunately, in December 2020 Defendants acquired new counsel and the Parties swiftly reached a settlement.

The Parties first negotiated the settlement of Plaintiffs' claims for damages. Defendants maintain that they are not liable to Plaintiffs for any damages for the reasons described above.

Nevertheless, to avoid continued litigation, and without admitting any guilt or liability, Defendants agreed to pay Plaintiffs the following settlement totals:

$21,600 to Cintya Castro

$16,200 to Yulisa Delgado

$16,200 to Marcela Latorre

The Parties agreed that the above amounts were fair compromises. These amounts cover the entirety of the alleged unpaid wages Plaintiffs claimed and include an additional greater amount to cover some measure of liquidated damages. In Ms. Castro's case, Defendants provided extra payment to settle her wrongful termination claim. The Parties recognized continued litigation carried substantial increased risks, including the inability to definitively establish the hours Plaintiffs worked due to incomplete records, Defendants' valid arguments against liability on the merits, and Defendants' demonstrated financial difficulties leading them to the U.S. Bankruptcy Court, not to mention ever-mounting attorney's fees and litigation expenses on both sides. In addition to this, the Parties understood that the amount of any actual recovery, should the Plaintiffs be successful at trial, was uncertain. The Parties and their counsel, therefore, agreed that the amount of the total settlement to Plaintiffs was fair and reasonable given the circumstances.

The Parties then moved on to the question of Plaintiffs' attorneys fees. As of the filing of this motion, Plaintiffs have accrued over $40,000.00 in attorney's fees and $165.00 in expenses. A copy of Plaintiffs' Attorney's Fees Report is attached hereto as **Exhibit 4**. A copy of Plaintiffs' Expense Report is attached as **Exhibit 5**. The Parties agreed to pay Plaintiffs $36,000.00 in reasonable attorney's fees and costs. Plaintiffs do not seek any additional fees beyond that amount.

Plaintiffs' principal attorneys, billing rates, experience levels, and hours spent on this case are as follows:

| ATTORNEY | EXPERIENCE | HOURLY RATE | APPENDIX B RATE | HOURS |
|---|---|---|---|---|
| Philip B. Zipin | 39 years | $475 | $300 - $475 | 55.7 |
| Roy Lyford-Pike | 5 years | $260 | $165-$300 | 47.7 |

A copy of the Settlement Agreement is attached hereto as **Exhibit 6**. The Parties determined that the likely expense and duration of this litigation militated in favor of early settlement. Significant factual investigation would be necessary regarding Defendants' defenses to Plaintiffs' claims. The Parties stipulate that they are resolving this action in order to avoid the cost, time, emotional toll, and risks associated with continued litigation.

There is no claim or indication of fraud or collusion in the settlement. Plaintiffs and Defendants were each represented by experienced employment litigation counsel and law firms. Zipin, Amster & Greenberg, LLC is a boutique, employee-oriented employment law firm. The lead attorney for Plaintiffs, Philip B. Zipin, is well known in this Court. Mr. Zipin is the managing member of Zipin, Amster & Greenberg, LLC, and has been practicing law since 1982. Mr. Zipin has focused his practice on employment law for the large majority of his career and has brought and resolved hundreds of wage and hour cases under the federal Fair Labor Standards Act and corresponding state statutes. Roy Lyford-Pike is the other attorney representing Plaintiffs, and was admitted to practice law in December of 2015. He is co-chair of the Employment Law Section of the Bar Association of Montgomery County and the President-Elect of the Maryland Hispanic Bar Association. He practices exclusively employment law. Messrs. Zipin and Lyford-Pike are both active members of the National Employment Lawyers Association, the Metropolitan Washington Employment Lawyers Association, and the Maryland Employment Lawyers Association. Mr. Zipin is rated "AV" by Martindale-Hubbell, the highest ranking available, and has been selected

as a "Super Lawyer" for many years. Mr. Lyford-Pike was selected by his peers as a "Super Lawyers Rising Star" in 2019, 2020, and 2021.

Defendants were represented by Linda Hitt Thatcher of Thatcher Law Firm, LLC. Her practice includes all aspects of employment law, including corporate counseling, EEO training, and litigation on behalf of employers and employees. Like Mr. Zipin, Mrs. Thatcher is also well known in this Court. She is an accomplished employment litigator and mediator who has been consistently named one of "Washington's Top Employment Lawyers" by Washingtonian Magazine since 2007. She has served as a faculty member for the National Institute for Trial Advocacy (NITA) Skills Program at Georgetown University Law Center and she is a frequent panel member and speaker for numerous CLE programs and conferences. She is an active member of the National Employment Lawyers Association, the Metropolitan Washington Employment Lawyers Association, and the Maryland Employment Lawyers Association. Ms. Thatcher is rated "AV" by Martindale-Hubbell, the highest ranking available, and has been selected as a "Super Lawyer" for years. Additionally, she has served as co-counsel with the Washington Lawyers Committee for Civil Rights and Urban Affairs in employment discrimination cases. Mrs. Thatcher is a permanent member of the Fourth Circuit Judicial Conference, a past President of the Board of Governors of the Federal Bar Association of Maryland, and an active member in the Women's Bar Associations of both Maryland and the District of Columbia.

As of February 4, 2021, the hourly attorneys' fees incurred by Plaintiffs are over $40,000 with litigation costs of $165.00. These are the amounts Plaintiffs' counsel would have charged to represent Plaintiffs on an hourly fee basis. As described above, the fees are consistent with the rates set forth in Appendix B of the local rules. However, in order to achieve a settlement, Plaintiffs' counsel will forego any other claim for attorneys' fees and accept the separately-

negotiated attorney's fee amount of $36,000.00 as full satisfaction of any claim for attorneys' fees and litigation costs.

The Parties attest and stipulate to the fairness and reasonableness of their settlement and request that the Court approve the settlement.

**IV.   Conclusion**

The settlement negotiated through experienced counsel and reached by the Parties reflects a reasonable compromise of disputed issues. The Parties, through their respective attorneys, and with the advice and counsel of their respective attorneys, freely and voluntarily agreed to the settlement and deemed it to be fair and reasonable. The Parties further agree and stipulate that, upon approval by the Court of the settlement and payment made to Plaintiffs pursuant to the settlement, Plaintiffs will have received all wages owed by Defendants. The Parties therefore respectfully request that the Court waive oral argument on this Motion and approve the Parties' settlement.

Respectfully submitted,

| | |
|---|---|
| */s/ Roy Lyford-Pike* | */s/ Linda Hitt Thatcher* |
| Roy Lyford-Pike, Esq. No. 19836 | Linda Hitt Thatcher, Esq. No. 05039 |
| Philip B. Zipin, Esq., No. 03932 | Thatcher Law Firm, LLC |
| 8757 Georgia Ave., Suite 400 | Belle Point Office Park |
| Silver Spring, Maryland 20910 | 7849 Belle point Drive |
| Phone:  (301) 587 - 9373 | Greenbelt, MD 20770 |
| Fax:     (240) 839 – 9142 | Phone: (301) 441-1400 |
| rlpike@zagfirm.com | Fax:    (301) 441-9602 |
| pzipin@zagfirm.com | lht@thatcherlaw.com |
| | |
| *Counsel for Plaintiffs* | *Counsel for Defendants* |