## RELEASE AND SETTLEMENT AGREEMENT

This Release and Settlement Agreement ("Settlement Agreement") is entered into on December __, 2020, by and between Cintya Castro, Yulisa Delgado, and Marcela Latorre ("Plaintiffs") on the one hand; and Early Learning Language Academies, LLC d/b/a Whole Kids Academy, Crystal Esler, John Esler, and Cassandra Castro ("Defendants") on the other (together, both sides will be referred to as the "Parties").

### RECITALS

A.   WHEREAS, Plaintiffs were at various times employed by Defendants;

B.   WHEREAS, Plaintiffs initiated a lawsuit against Defendants in the United States District Court for the District of Maryland seeking unpaid wages and overtime payments arising out of purported violations of the federal Fair Labor Standards Act ("FLSA"), the Maryland Wage and Hour Law ("MWHL"), and the Maryland Wage Payment and Collection Law ("MWPCL"), captioned *Castro, et al. v. Early Learning Language Academies, LLC, et al.*, Case No. 8:18-cv-02421-PX ("the Lawsuit"); and,

C.   WHEREAS, to avoid the delay, expense and uncertainty associated with further litigation or other legal proceedings, the Parties desire to resolve the claims asserted in the Lawsuit on the terms set forth in this Settlement Agreement, without any party acknowledging any fault or liability.

NOW, THEREFORE, in consideration of the mutual promises, covenants and agreements set forth herein, and for other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the Parties hereby agree as follows:

### **AGREEMENT**

1.   **Settlement Payment.**  Defendants shall pay to Plaintiffs the total sum of Ninety Thousand Dollars ($90,000.00), to be paid as follows:

   a. To Cintya Castro: Twenty-One Thousand Six Hundred Dollars ($21,600),

   b. To Yulisa Delgado: Sixteen Thousand Two Hundred Dollars ($16,200),

   c. To Marcela Latorre:  Sixteen Thousand Two Hundred Dollars ($16,200),

   d. To Zipin, Amster & Greenberg, LLC:  Thirty Six Thousand Dollars ($36,000) for reasonable attorney's fees and expenses,

   e. Date: Defendants shall make all payments by delivering all checks to Plaintiffs' counsel by **January 21st, 2021** or ten (10) days after Court approval of this Settlement Agreement, if that first occurs, at the following address:

>Zipin, Amster & Greenberg, LLC
>c/o Philip B. Zipin, Esq.
>8757 Georgia Ave., Suite 400
>Silver Spring, MD 20910

  f. The payments to Plaintiffs and their counsel, totaling $90,000, shall be referenced herein as the "Settlement Payments." The Settlement Payments are made in full and final settlement of all claims in the Lawsuit and the release set forth below, including attorneys' fees and costs for which Plaintiffs and their counsel shall be responsible for any tax obligations, as more fully explained in Paragraph 6 below.

 2. **Court Approval.** Within five (5) business days of the Parties' execution of the Settlement Agreement, Plaintiffs will submit it for approval by the United States District Court for the District of Maryland, along with such supporting papers as the Court may require (including a Joint Motion for Dismissal With Prejudice).

 3. **Release.** Plaintiffs, on behalf of themselves and their past, present and future representatives, attorneys, agents, heirs, successors and assigns, hereby release Defendants, their past and current owners, shareholders, employees, directors, managers, officers, representatives, affiliates, attorneys, agents, successors and assigns (the "Released Parties") and each of them, to and from any and all claims, demands, causes of action, obligations, damages, and liabilities of any kind that they had, have, or may have against Released Parties, arising out of or relating to the subject matter of the Lawsuit, and they agree not to file or initiate a lawsuit or bring any claims arising out of the events that formed the basis of the Lawsuit.

 4. **Release of Unknown Claims.** Plaintiffs represent that they are not aware of any claims against Defendants or any Released Party except for those claims that are released by this Settlement Agreement. Moreover, Plaintiffs agree and represent that while they may have claims against Defendants or the Released Parties of which, at the time of the execution of this Settlement Agreement, Plaintiffs have no knowledge or suspicion, but that this Settlement Agreement extends to claims in any way based upon, connected with, or related to the matters described in Paragraph 3 above, whether or not known, claimed, or suspected by any Plaintiff.

 5. **Confidential Settlement.** The Parties agree to maintain in complete confidence the existence of this Settlement Agreement, the contents and terms of this Settlement Agreement, and the consideration for this Settlement Agreement (the "Settlement Information"). Except as required by Law, the Parties agree to disclose Settlement Information only to those attorneys, accountants, tribunals, and governmental entities who have a reasonable need to know such Settlement Information, and to prevent disclosure of any Settlement Information to other third parties. Plaintiffs may reveal Settlement Information to immediate family members and significant others. The Parties agree that there will be no publicity, directly or indirectly, concerning any Settlement Information. The Parties agree that the confidentiality of Settlement Information is of the essence, and that they would not have entered into this Settlement Agreement without the protections offered by this Paragraph.

 6. **Tax Indemnification.** Plaintiffs acknowledge that a portion of the Settlement Payment is for non-wage damages, and that Defendants and their counsel make no representations

or warranties with respect to the tax treatment of the Settlement Payments by any local, state, or federal taxing authority. Plaintiffs agree that they are responsible for the tax liabilities and reporting and other obligations that may result from the receipt of monies under this Agreement, except that, as provided in Paragraph 1 above, Defendants shall pay the appropriate tax authorities the employer portion of any and all payroll taxes required to be paid in connection with the Settlement Payments. Plaintiffs specifically agrees to indemnify and hold harmless Defendants from any other liability for any taxes, penalties, or interest that may be assessed by any taxing authority due to the fact that Defendants made, or failed to make, withholdings or deductions from the Settlement Payments relating to Plaintiffs' tax liability for the Settlement Payments. Further, Plaintiffs agree that Defendants shall not be required to pay any further sum to Plaintiffs or their attorneys, for any reason, as part of this Agreement, even if the tax liabilities of Plaintiffs are ultimately assessed in a fashion that is not presently anticipated, except for the employer's share of FICA which may be assessed

7.     **Non-Participation.**  Plaintiffs agree that, absent compulsion of lawfully issued subpoena or court order, they will not directly or indirectly assist any non-governmental third party or other non-governmental entity in maintaining, proceeding upon, or litigating any claim of any kind in any forum against any of the Released Parties. With respect to any charges of complaints that have been or may be filed concerning events or actions related to their employment or separation from employment, Plaintiffs waive and release any right they may have to recover in any lawsuit or proceeding brought by an administrative agency or other person on their behalf or that includes them in a class. Plaintiffs agrees that they will not initiate, support, facilitate, or discuss any class action claim or filing related to their employment with Defendants, and further agree that should such an action be filed by others, they will not participate in the matter and/or will opt out of participation in any certified class.

8.     **Mutual Non-Disparagement.**  The Parties agree not to disparage each other, defined as follows:

No Party shall make any statements, written or verbal, or cause or encourage others to make any statements, written or verbal, that defame, disparage, or in any way criticize the personal or business reputation, products, practices, services, or conduct of the other Party, its employees, directors, and officers. For purposes of this Section, "disparage" shall mean to make any negative statement, whether written or oral. The Parties acknowledge and agree that this prohibition extends to statements, written or verbal, made to any third party including, but not limited to, the news media, trade press, investors, potential investors, the federal government, any state government, any board of directors or advisory board of directors, industry analysts, competitors, strategic partners, vendors, employees (past and present), and customers (past or present) or potential customers.

Additionally, should anyone contact Defendants requesting information regarding Plaintiffs' employment, Defendants agrees to provide only the following information: dates of employment, positions, and compensation.

Notwithstanding anything to the contrary, nothing in this Agreement shall prevent either Party from making truthful statements in compliance with a lawful subpoena or court order. The Party about which the statement is to be made shall be notified prior to the statement being

Page **3** of  **6**

made.  The Parties understand and agree that this Paragraph is a substantial and material provision of this Agreement; that any breach of this Paragraph shall be a material breach of this Agreement; and that each Party would be irreparably harmed by a violation of this provision.

9. **No Admission of Liability.**  The Parties understand and acknowledge that this Settlement Agreement constitutes a compromise and settlement of disputed claims.  No action taken by either party, either previously or in connection with this Settlement Agreement, shall be deemed or construed as (a) an admission of the truth or falsity of any claims heretofore made, or (b) an acknowledgment or admission by Defendants of any fault or liability whatsoever to Plaintiffs or to any third party.

10. **Representations and Warranties.**  The Parties represent and warrant that (a) they have the full power and authority to enter into this Settlement Agreement, and (b) they have not sold, assigned, transferred, conveyed, hypothecated, encumbered, or otherwise disposed of an interest in any of the claims or demands relating to any subject matter covered by this Settlement Agreement.

11. **Attorneys' Fees.**  If either Plaintiffs or Defendants bring an action against the other party hereto or otherwise seeks to enforce this Settlement Agreement by reason of the breach of any covenant, warranty, representation, or condition of this Settlement Agreement, or otherwise arising out of this Settlement Agreement, whether for declaratory or other relief, the prevailing party in such suit shall be entitled to its costs of suit and attorneys' fees.

12. **Counterparts.**  This Settlement Agreement may be executed in partially executed counterparts, each of which shall be deemed an original and shall bind the signatory, but all of which together shall constitute but one and the same instrument.

13. **Severability.**  In the event that any provision hereof becomes or is declared by a court of competent jurisdiction to be illegal, unenforceable, or void, this Settlement Agreement shall continue in full force and effect without said provision.

14. **Entire Agreement.**  This Settlement Agreement is the entire agreement and understanding between the Parties.  The Parties further agree that this Settlement Agreement may not be altered except in a writing duly executed by the Parties.  The laws of the State of Maryland shall govern this Settlement Agreement, without regard to principles of conflicts of laws.  Any disputes regarding this Settlement Agreement shall be brought solely in the federal courts of Maryland, and the Parties hereby consent to the personal jurisdiction and venue of such courts for any such action, regardless of where they may reside or work at the time of such dispute.

15. **Drafting.**  Each party has cooperated in the drafting and preparation of this Settlement Agreement.  Hence, in any construction or interpretation of this Settlement Agreement, the same shall not be construed against any party on the basis that the party was the drafter.

16. **Modification.**  This Settlement Agreement cannot be modified except in a written document signed by all Parties to this Settlement Agreement, or as otherwise stated herein.

17. **Effective Date.**  This Settlement Agreement becomes effective on the day all Parties have executed the Settlement Agreement.  <u>The effective date in no way alters Defendants'</u>

obligation to make the payments set forth in Paragraph 1 by January 21st, 2021.

18. **Voluntary Execution of Settlement Agreement.** The Parties enter into this Settlement Agreement voluntarily and without any duress or undue influence on the part or behalf of the Parties hereto, with the full intent of releasing claims as set forth above. The Parties acknowledge that:

(a). They have read this Settlement Agreement;

(b). They have been represented in the preparation, negotiation, and execution of this Settlement Agreement by legal counsel of their own choice;

(c). They know and understand the terms and consequences of this Settlement Agreement and of the releases it contains; and

(d). They are fully aware of the legal and binding effect of this Settlement Agreement.

IN WITNESS HEREOF, the Parties have executed this Settlement Agreement on the respective dates set forth below.

**Early Learning Language Academies, LLC d/b/a Whole Kids Academy**

By _____

Date: 12/28/2020

**Crystal Esler**

_____
Crystal Esler

Date: 12/28/2020

**John Esler**

_____
John Esler

Date: 12/28/2020

**Cassandra Castro**

*Cassandra Castro* (signature)

Cassandra Castro

Date: 12/28/20

**Cintya Castro**

Cintya Castro

Date:

**Yulisa Delgado**

Yulisa Delgado

Date:

**Marcela Latorre**

*Marcela Latorre* (signature)

Marcela Latorre

Date: 12/29/20

obligation to make the payments set forth in Paragraph 1 by January 21ˢᵗ, 2021.

18. **Voluntary Execution of Settlement Agreement.** The Parties enter into this Settlement Agreement voluntarily and without any duress or undue influence on the part or behalf of the Parties hereto, with the full intent of releasing claims as set forth above. The Parties acknowledge that:

(a). They have read this Settlement Agreement;

(b). They have been represented in the preparation, negotiation, and execution of this Settlement Agreement by legal counsel of their own choice;

(c). They know and understand the terms and consequences of this Settlement Agreement and of the releases it contains; and

(d). They are fully aware of the legal and binding effect of this Settlement Agreement.

IN WITNESS HEREOF, the Parties have executed this Settlement Agreement on the respective dates set forth below.

**Early Learning Language Academies, LLC d/b/a Whole Kids Academy**

By _____

Date: _____12/28/2020_____

**Crystal Esler**

_____Crystal M. Esler_____
Crystal Esler

Date: _____12/28/2020_____

**John Esler**

_____
John Esler

Date: _____12/28/2020_____

Page **5** of **6**

**Cassandra Castro**

*Cassandra Castro*

Cassandra Castro

Date: 12/28/20

**Cintya Castro**

*[signature]*

Cintya Castro

Date: 12/29/2020

**Yulisa Delgado**


Yulisa Delgado

Date:

**Marcela Latorre**

*[signature]*

Marcela Latorre

Date: 12/29/20

Page **6** of **6**

**Cassandra Castro**

_Cassandra Castro_ (signature)

Cassandra Castro

Date: 12/28/20

**Cintya Castro**

_____

Cintya Castro

Date: _____

**Yulisa Delgado**

_Yulisa Delgado_ (signature)

Yulisa Delgado

Date: 12-29-2020

**Marcela Latorre**

_____

Marcela Latorre

Date: _____

Page 6 of 6